# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| SAM GROH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-578-W-DGK |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case concerns allegations of false credit reporting. Plaintiff Sam Groh ("Groh") sued Defendant JPMorgan Chase Bank, N.A. ("Chase Bank") in Missouri state court. Chase Bank removed to this Court in January; the Court remanded. Chase Bank has removed this case for a second time.

Pending before the Court is Groh's Motion to Remand (Doc. 10). Because the law has changed since Chase Bank's first removal, thereby permitting an ordinarily prohibited successive removal, and because Chase Bank's removal was timely, the motion is DENIED.

### Procedural Background

In June 2013, Groh filed an eight-count petition in the Circuit Court of Jackson County, Missouri against J.P. Morgan Chase National Corporation Service, Inc. ("Chase Corporation Service") alleging that it failed to reduce his monthly payments on his home loan as required by the parties' loan workout plan. Further, Groh alleged that Chase Corporation Service falsely reported delinquent payments by Groh to various credit reporting agencies. Groh properly served process on Chase Corporation Service the next month.

Eventually, the parties came to realize that Chase Corporation Service was a non-existent entity. The correct name was J.P. Morgan Chase National Corporate Services, Inc. However, that entity, regardless of what Groh called it, was not the correct defendant. The proper defendant, Chase Bank, had not yet been served, so Groh moved the state court to amend his petition to change the defendant from Chase Corporation Service to Chase Bank. Chase Corporation Service opposed the motion generally, but agreed that Chase Bank was the appropriate defendant and that Chase Corporation Service should be dismissed. The state court issued an order granting Groh's motion on January 10, 2014.

Four days later, Chase Bank removed to this Court. Groh moved to remand. The Court held that because the state court's order simply substituted Chase Bank for Chase Corporation Service, service on Chase Corporation Service was effective for Chase Bank. *Groh v. JPMorgan Chase Bank, N.A.*, No. 14-CV-40-W-DGK, 2014 WL 1687696 (W.D. Mo. Apr. 29, 2014) ("*Groh I*"). Because removal must occur thirty days after service and Chase Bank removed several months after Groh served Chase Corporation Service, Chase Bank's removal was untimely. The Court remanded back to the Circuit Court of Jackson County.

After remand, Chase Bank asked the state court to reconsider or clarify its earlier order intimating Chase Corporation Service's service could be imputed to Chase Bank. At oral argument on June 4, 2014, the state court decided that Groh had to serve Chase Bank in its own name: "I am going to clarify the order. . . . [T]he clarification on the earlier order is that the Court did not intend to indicate that the service on the original defendant served was appropriate or served legally as appropriate service on the bank. . . . I think you have to go back and serve the bank." (Doc. 13-2, at 9). The state court memorialized this ruling in an order issued the next day (Doc. 1-1, at 64).

Groh obtained a summons and served Chase Bank on June 18, 2014. Twelve days later, Chase Bank removed to this Court. The Court now takes up the pending motion to remand.

## Standard

A defendant may remove an action where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). However, there are time limits on how long a defendant may wait before removing the case. In particular, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). If the defendant did not timely remove the case, then the district court must remand the case to the state court from which it was removed. *Id.* § 1447(c).

The burden of establishing federal jurisdiction is on the party seeking removal. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). When ruling upon a motion to remand, the Court resolves all doubts in favor of remand. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

## Discussion

### I.  Because the state court modified its original order, a change of law occurred sufficient for Chase Bank to remove a second time.

Groh first contends that remand is warranted because Chase Bank's removal is an impermissible second removal on the same ground. Chase Bank responds that the state court changed the law of the case by deciding that Chase Bank had never been properly served, which constitutes a change in circumstances acceptable for a second removal.

As a general rule, after a case has been remanded to state court, a defendant may not again remove the case on the very same ground. *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212,

217 (1883); *A.O.A. v. Doe Run Res. Corp.*, 833 F. Supp. 2d 1126, 1134 (E.D. Mo. 2011); *cf.* 28 U.S.C. § 1447(d) (disallowing in most circumstances the district court to reconsider its own remand orders). After remand, subsequent events in the case may make the case removable again. *Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909). Changes in the law can constitute new grounds for removal. *See Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1106 (S.D. Ill. 2007).

Such a change in the law occurred in this case. At the time of Chase Bank's first removal, the state court had held that Groh's service of Chase Corporation Service was effective as service for Chase Bank. *Groh I*, 2014 WL 1687696, at *2–3. On this basis, this Court found that Chase Bank was "well past the thirty-day time limit for removal," and remanded. *Id.* at *4. The state court's June 5 order, which is controlling on this Court until dissolved or modified, *see* 28 U.S.C. § 1450, held that Chase Bank had never been properly served. Chase Bank was then served on June 18, so its second removal on June 30 *was* within the statutory thirty-day time limit. *See id.* § 1446(b)(1). This is a significant change in the law of the case, because it is outcome-determinative. As such, the Court finds that the state court's June 5 order is a subsequent event sufficient to excuse a second removal. *See Fritzlen*, 212 U.S. at 372.

Groh argues that the state court's modified order is "a subsequent state court decision on an issue previously ruled on by the federal district court," which is insufficient to permit a successive removal. *See One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995). However, the June 5 order did not relitigate an issue decided by the federal court, because the issue before the federal court was not whether Chase Bank has been properly served. Rather, the issue before the Court in *Groh I* was whether the state court had already decided whether Chase Bank had been properly served. *Groh I*, 2014 WL 1687696, at *2 ("The primary

issue here is how the State Court Order affected service of process.")  The same question is now before the Court, but because the state court has modified its position, the Court has a different basis for determining the answer.  A federal court has not previously decided this issue on the current state of the law, so the holding of *One Sylvan Road* does not apply here.  *Cf. One Sylvan Rd.*, 889 F. Supp. 2d at 62 (barring a successive removal where the federal judge deciding the first motion to remand had held that the amount in controversy did not exceed the jurisdictional threshold, but the state court judge after remand made a diametrically contrary ruling that the amount in controversy *did* exceed the threshold).

## II.     The Court cannot excuse Groh's past failure to serve Chase Bank, even if Chase Bank was closely related to Chase Corporation Service.

Groh next argues that this case should be remanded because Chase Bank had actual notice of this case many months before it removed, and actual notice started the thirty-day removal time period.  On that reasoning, Chase Bank's opportunity to remove expired long before Groh formally served Chase Bank on June 18.

Formal service is required to trigger the removal statute's thirty-day time period.  *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).  The "mere receipt of the complaint unattended by any formal service" is insufficient.  *Id.*  The state court decided at oral argument that formal service had never before occurred.  Thus, the clock could not have started running for Chase Bank until it was formally served on June 18.  Chase Bank timely removed on June 30, and any actual notice it had of this litigation before Groh served it is irrelevant.

Groh cites several district court decisions from outside this Circuit to suggest two reasons why actual notice to Chase Bank should be sufficient to start the running of the removal clock more than thirty days before it removed the second time.  The first line of cases evinces an exception to the formal service rule for parties seeking to remove that are closely aligned to

improper parties given formal service.  The Court finds that these opinions, most of which do not even cite *Murphy Brothers*, cannot be reconciled with that case's holding that the removal clock does not begin running until the proper defendant has been formally served.  Therefore, the Court rejects the application of a "closely affiliated" standard.

The second set of cases cited by Groh suggests it is permissible to hold the removal timeframe against defendants that were served properly but under the wrong name.  *See, e.g.*, *Lee v. Food Lion LLC*, No. 4:12cv142, 2013 WL 588767, at *2–4 (E.D. Va. Feb. 13, 2013).  Here, Groh did initially sue an entity by the wrong name—J.P. Morgan Chase National Corporation Service, Inc. instead of J.P. Morgan Chase National Corporate Services, Inc.  However, that entity by any name is still distinct from the entity now named as defendant, Chase Bank, which the parties agree is the proper defendant.  Therefore, cases like *Food Lion* are inapposite.

The Court denies Groh's motion to remand on this basis.

**III.    The Court declines to award attorneys' fees.**

Finally, Groh requests attorneys' fees under 28 U.S.C. § 1447(c).  Because the Court denies his motion to remand, it necessarily denies his request for attorneys' fees.

**Conclusion**

The Court finds that Defendant Chase Bank properly removed this case.  Thus, Groh's motion to remand (Doc. 10) is DENIED.

**IT IS SO ORDERED.**

Date:   October 1, 2014                             /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

6