IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SAM GROH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-578-W-DGK |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

This case arises out of a lender's alleged failure to promptly grant a borrower a permanent loan modification. Plaintiff Sam Groh ("Groh") alleges Defendant JPMorgan Chase Bank, N.A. ("Chase Bank") failed to reduce his monthly payments on his home loan as required by the parties' loan workout plan and wrongly reported Groh delinquent to credit reporting agencies during the loan modification process.

Pending before the Court is Chase Bank's Motion to Dismiss (Doc. 5). Holding that six of the Amended Petition's eight counts do not state a claim upon which relief can be granted, the Court GRANTS IN PART and DENIES IN PART the motion.

**Factual Background**

Construing the Complaint liberally and drawing all reasonable inferences in Groh's favor, the Court finds the facts to be as follows for purposes of resolving the pending motion to dismiss:

Chase Bank issued Groh a promissory note ("the Home Loan") in 2008, secured by a deed of trust on real property owned by Groh. The Home Loan required Groh to repay the note

in regular installments, with interest and late fees to be charged if Groh did not timely make his payments.

Groh's payments on the Home Loan were all timely through 2009, when Groh and Chase Bank entered into a Home Affordable Modification Program Loan Workout Plan ("Loan Workout Plan") in order to reduce Groh's monthly payments. Under the Loan Workout Plan, Groh had to make three "trial period" payments in the amount of $1,243.13, to be paid on three dates in April, June, and July of 2009. At that time, the parties were to adopt a Loan Modification Agreement which would set forth a new payment amount for Groh to pay Chase Bank for the balance of the Home Loan (Doc. 1-1, at 54 ("If [Groh is] in compliance with this Loan Workout Plan, [then Chase Bank] will provide [Groh] with a Loan Modification Agreement . . . that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.")). The Loan Workout Plan stated that all other provisions of the Home Loan remained in effect during the trial period. It further stated it would automatically terminate upon execution of a new loan modification.

Groh timely made all three trial period payments. However, Chase Bank failed to promptly adopt the Loan Modification Agreement as it had promised under the Loan Workout Plan. Chase Bank never told Groh what payments he must make going forward, though it did repeatedly tell him to continue paying monthly installments of $1,243.13. Groh continued making monthly payments to Chase Bank in that amount, even though the trial period had ended and was supposed to be superseded by a new Loan Modification Agreement. All told, he made fifteen monthly payments of $1,243.13 after the trial period concluded.

Although Groh made the required payments, Chase Bank reported to several consumer-reporting agencies that Groh was "150 days delinquent" in his payments on the Home Loan.

After Groh complained to the consumer-reporting agencies that he was not actually delinquent on anything, the agencies and Chase Bank all refused to correct the error on his credit report.

Before Chase Bank reported Groh was delinquent, he had a good credit history. Because of his credit history, Groh had expected to receive credit to refinance another piece of land. After Chase Bank reported Groh's delinquency and refused to renounce that report, Groh was denied credit for this property.

Chase Bank eventually finalized Groh's Loan Modification Agreement in September 2010, making his payments $996.96 per month effective November 1, 2010. In June 2013, Groh filed this lawsuit (Doc. 1-1 (Amended Petition)).

## Standard

Chase Bank moves to dismiss the Amended Petition under Federal Rule of Civil Procedure 12(b)(6). A complaint must meet two conditions to survive a Rule 12(b)(6) motion. First, it must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the complaint must state a claim for relief that is plausible. *Iqbal*, 556 U.S. at 678. A claim is plausible when "the court may draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014). The court generally ignores matters outside the pleadings. *Id.*

## Discussion

Groh's Amended Petition charges eight counts. Chase Bank argues that each count fails to state a claim for relief under Rule 12(b)(6).

### I. Groh's negligent misrepresentation claim is based on a contract, and so must be dismissed.

Count I asserts a claim for negligent misrepresentation against Chase Bank for not following through on its contractual promise to offer Groh a permanent loan modification. "The mere breach of a promise or failure to perform does not constitute a misrepresentation of fact" absent an allegation that the promisor did not presently intend to perform. *Titan Constr. Co. v. Mark Twain Kan. City Bank*, 887 S.W.2d 454, 459 (Mo. Ct. App. 1994).

Here, Chase Bank promised Groh that so long as he complied with the Loan Workout Plan's terms, it would provide him with a loan modification. Groh complied with his obligations under the Loan Workout Plan, but Chase Bank did not offer Groh a permanent modification until fifteen months later.

This alleged misrepresentation is merely a breach of contract claim by another name, which cannot support a negligent misrepresentation claim. *See id.* Insofar as the Amended Petition alleges that the misrepresentations come from Chase Bank's verbal representations that Groh could continue paying the lower trial period amounts after the Loan Workout Plan expired, such claims are barred by the statute of frauds. *See* Mo. Rev. Stat. § 432.045(2) ("A debtor may not maintain an action upon or a defense to a credit agreement unless the credit agreement is in writing, provides for the payment of interest or for other consideration, and sets forth the relevant

terms and conditions . . . ."); *see also Wivell v. Wells Fargo Bank, N.A.*, No. 12-3457-CV-S-DGK, 2013 WL 3665529, at *7–8 (W.D. Mo. July 12, 2013), *rev'd in part on other grounds*, No. 13-2763, 2014 WL 6463030 (8th Cir. Nov. 19, 2014) ("*Wivell II*").[1]

Because the Amended Petition does not identify any misrepresentation sufficient to support a claim of negligent misrepresentation, Chase Bank's motion to dismiss Count I is granted.

## II. Because an express contract existed, Groh cannot make a claim for unjust enrichment.

In Count II, the Amended Petition alleges that Chase Bank was unjustly enriched by requiring Groh to pay an amount in excess of the amount specified in the Loan Modification Agreement and by collecting interest and late fees from Groh.

To state a claim for unjust enrichment, a plaintiff must plead that: "(1) [he] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Hargis v. JLB Corp.*, 357 S.W.3d 574, 586 (Mo. 2011). Missouri law does not recognize an unjust enrichment claim based on an express contract. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (citing *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010)).

Groh challenges payments he made between the time the Loan Workout Plan expired, and the time the parties consummated the Loan Modification Agreement. Because the Loan Workout Plan covered only three specific payments to be made at three specific times, all other payment obligations were covered by the underlying Home Loan. These provisions obligated

---

[1] Groh has attached a "Statement of Eligibility for Loan Modification" (Doc. 9-1) to his suggestions in opposition to demonstrate that he and Chase Bank modified the terms of the Home Loan in writing. This letter was not part of the Amended Petition, so cannot be considered with the pending motion. *See Smithrud*, 746 F.3d at 395. Instead, the Court analyzes only the Amended Petition, which alleges only that Chase Bank "told" Groh to continue making monthly installments of $1,243.13 (Doc. 1-1, at 9)—again, an oral contract barred by the statute of frauds.

Groh to pay interest and late fees for underpayments. Thus, Groh's unjust enrichment claim is predicated on an express contract, the Home Loan. Because an express contract existed, Groh's claim of unjust enrichment fails. *See id.*

Alternatively, if Groh means to base this claim on a breach of the oral modification, the statute of frauds bars his claim on that basis. *See* Mo. Rev. Stat. § 432.045(2). Accordingly, Count II is dismissed.

### III. The Amended Petition states a claim under the FCRA for failing to investigate Groh's complaint regarding his credit report.

Count III alleges a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Groh claims that Chase Bank violated the FCRA by failing to investigate and review its report that Groh was 150 days delinquent on his Home Loan.

Under the FCRA, if an entity furnishes credit information about a consumer to a consumer-reporting agency, and that agency notifies the furnisher that the consumer is disputing the information's accuracy, then the furnisher must review the accuracy of the information it provided. 15 U.S.C. § 1681s-2(b). Specifically, the furnisher must conduct an investigation, review all of the relevant information provided by the alerting consumer-reporting agency, and report the results of the investigation back to the consumer-reporting agency. *Id.* § 1681s-2(b)(1)(A)–(C).

Here, Chase Bank reported to consumer-reporting agencies that Groh was 150 days delinquent on the Home Loan. Groh notified these consumer-reporting agencies that he was not actually delinquent on any loan; these agencies in turn informed Chase Bank that Groh was disputing its report. Chase Bank did not investigate the claim. This was a violation of the FCRA.

6
Case 4:14-cv-00578-DGK   Document 32   Filed 01/05/15   Page 6 of 12

Chase Bank argues that such an investigation would have been fruitless because its "investigation would have determined the report was accurate" (Doc. 6, at 11), but the FCRA's plain language does not permit a furnisher to escape its Section 1681s-2(b) obligations solely because it believes an investigation would confirm its initial impressions about a consumer's creditworthiness. Count III states a claim, and Chase Bank's motion to dismiss Count III is denied.

### IV. Because Chase Bank had legal justification to report Groh's delinquency report, the Amended Petition fails to state a claim for intentional interference with credit expectancy.

Count IV is a claim of intentional interference with credit expectancy. Groh argues that he was denied credit to refinance a separate real property he owns because Chase Bank had falsely reported to consumer-reporting agencies that Groh was delinquent on his Home Loan.

To survive a motion to dismiss a claim of intentional interference with credit expectancy, a plaintiff must plead: "(1) a valid credit expectancy; (2) defendant's knowledge of the expectancy; (3) a denial of credit induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Bell v. May Dep't Stores Co.*, 6 S.W.3d 871, 876 (Mo. 1999). Chase Bank argues the Amended Petition fails to plead the fourth element.

The absence of justification means the defendant had no legal right to take the actions about which the plaintiff complains. *Hibbs v. Berger*, 430 S.W.3d 296, 318 (Mo. Ct. App. 2014). There is no justification for independently wrongful acts, which include acts wrongful by statute. *Cent. Trust & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 321, 324 (Mo. 2014).[2]

---

[2] Although *Hibbs* and *Signalpoint* concerned intentional interference with *business* expectancy and not, as here, intentional interference with *credit* expectancy, the latter tort is a species of the former. *See Bell*, 6 S.W.3d at 876. Therefore, intentional interference with business expectancy cases are instructive in analyzing intentional interference with credit expectancy.

7

Groh argues that because Chase Bank did not have any legal justification for reporting him delinquent, because the FCRA prohibits a furnisher of information from reporting or failing to correct credit information it knows or learns to be false. *See* 15 U.S.C. § 1681s-2(a)(1), (2). However, Groh's delinquency report was true. The Loan Workout Plan allowed Groh to make three reduced payments on the Home Loan. The Loan Workout Plan expressly disclaimed modification of the Home Loan, admonishing Groh that the original loan documents remained in effect. After Groh finished making his three reduced payments, then, he had to return to paying the higher amount required under the Home Loan. Instead, Groh continued paying the trial period amounts, which were lower than those he was contractually required to make. Thus when Chase Bank reported Groh "delinquent", such a statement was not false. *See Webster's Third New International Dictionary* 597 (2002) (defining "delinquent" as "in arrears in payment of debt or interest thereon"). Nor can Groh claim that his oral modification to the Loan Workout Plan altered the terms of the Loan Workout Plan, because of the statute of frauds. *See* Mo. Rev. Stat. § 432.045(2). Because the report was true, Chase Bank did not lack legal justification for reporting Groh delinquent and interfering with a credit expectancy.

Moreover, to the extent this claim is based on Chase Bank's FCRA violation, it still fails. Chase Bank's alleged refusal to investigate the accuracy of its delinquency report did violate a statute, *see* 15 U.S.C. § 1681s-2(b)(1)(A)–(C), and so was independently wrongful. However, Chase Bank's failure to investigate did not cause the interference and damages alleged by Groh; it was Chase Bank's *reporting* of delinquency in the first place.

Because the Amended Petition does not plead that Chase Bank lacked legal justification for reporting Groh delinquent, Count IV fails to state a claim against Chase Bank.

### V. Because Groh was delinquent on his Home Loan payments, Chase Bank did not defame him by reporting his delinquency to consumer-reporting agencies.

Count V is a state law claim of defamation against Chase Bank for publishing a false report to consumer-reporting agencies that Groh was 150 days delinquent. A defamation claim requires that the defamatory statement is false. *State ex rel. BP Prods. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005). As explained above, Chase Bank's delinquency report was not false. Therefore, Count V does not state a claim and Chase Bank's motion to dismiss this count is granted.

### VI. The Amended Petition pleads that Chase Bank breached the Loan Workout Plan by failing to promptly modify Groh's Home Loan.

In Count VI, Groh alleges Chase Bank committed a breach of contract by failing to execute a permanent loan modification agreement immediately after Groh finished satisfactorily paying his trial period payments under the Loan Workout Plan.[3] A breach of contract claim has four elements: "(1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages." *Kieffer v. Icaza*, 376 S.W.3d 653, 657 (Mo. 2012). Chase Bank grounds its dispute in the second and third elements, arguing that Groh "does not and cannot allege a single Loan Workout Plan provision which Chase Bank breached." (Doc. 6, at 17).

"When a contract does not specify a time period for performance, performance must be made within a reasonable time." *Hemsath v. City of O'Fallon*, 261 S.W.3d 1, 6 (Mo. Ct. App. 2008). And "[w]hen performance of a duty under a contract is due[,] any non-performance is a

---

[3] The explicit basis for the breach of contract claim in the Amended Petition is that Chase Bank failed to inform Groh of the amount owed under the trial period and the new amount to be paid after the trial period ended. This allegation is contradicted by the Loan Workout Plan, which nowhere carries these requirements. However, the Amended Petition elsewhere pleads facts indicating that an alternative basis for a breach of contract claim is Chase Bank's failure to *promptly modify* Groh's Home Loan. Because Rule 12(b)(6) requires a court to view the "well-pleaded facts alleged in the complaint, not the legal theories of recovery . . . identified therein," the Court considers this alternative basis. *Topchian*, 760 F.3d at 848.

breach." *Harris v. Desisto*, 932 S.W.2d 435, 444 (Mo. Ct. App. 1996) (quoting Restatement (Second) of Contracts § 235(2) (1979)).

The Loan Workout Plan stated that so long as Groh complied with its terms, Chase Bank "will provide [Groh] with a Loan Modification Agreement . . . that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage." (Doc. 1-1, at 54). Groh complied with all conditions of the Loan Workout Plan. When he timely tendered his third and final trial payment to Chase Bank by July 2009, Groh was entitled to a permanent loan modification agreement. However, Chase Bank did not extend to Groh a permanent loan modification agreement until September 2010, which could be seen as an unreasonable delay in performance. This would be a breach of the Loan Workout Plan. Count VI thus states a claim.

Chase Bank challenges the Amended Petition's summary allegation that Groh complied with all conditions precedent to its loan modification obligation. Chase Bank argues that *Twombly* and *Iqbal* require more detailed factual allegations about how Groh followed all of the other terms of the Loan Workout Plan. However, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Therefore, the Amended Petition's general allegation survives Rule 12(b)(6).

The Court denies Chase Bank's motion on this ground.

## VII. Count VII fails because the declaratory judgment does not seek to settle any particular legal relations.

Count VII seeks a declaratory judgment that Chase Bank "damaged" Groh's creditworthiness as a result of reporting false information to credit agencies (Doc. 1-1, at 19). A district court may, at its discretion, issue a declaratory judgment to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a); *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (characterizing this statute as procedural and

10
Case 4:14-cv-00578-DGK   Document 32   Filed 01/05/15   Page 10 of 12

breach." *Harris v. Desisto*, 932 S.W.2d 435, 444 (Mo. Ct. App. 1996) (quoting Restatement (Second) of Contracts § 235(2) (1979)).

The Loan Workout Plan stated that so long as Groh complied with its terms, Chase Bank "will provide [Groh] with a Loan Modification Agreement . . . that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage." (Doc. 1-1, at 54). Groh complied with all conditions of the Loan Workout Plan. When he timely tendered his third and final trial payment to Chase Bank by July 2009, Groh was entitled to a permanent loan modification agreement. However, Chase Bank did not extend to Groh a permanent loan modification agreement until September 2010, which could be seen as an unreasonable delay in performance. This would be a breach of the Loan Workout Plan. Count VI thus states a claim.

Chase Bank challenges the Amended Petition's summary allegation that Groh complied with all conditions precedent to its loan modification obligation. Chase Bank argues that *Twombly* and *Iqbal* require more detailed factual allegations about how Groh followed all of the other terms of the Loan Workout Plan. However, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Therefore, the Amended Petition's general allegation survives Rule 12(b)(6).

The Court denies Chase Bank's motion on this ground.

## VII. Count VII fails because the declaratory judgment does not seek to settle any particular legal relations.

Count VII seeks a declaratory judgment that Chase Bank "damaged" Groh's creditworthiness as a result of reporting false information to credit agencies (Doc. 1-1, at 19). A district court may, at its discretion, issue a declaratory judgment to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a); *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (characterizing this statute as procedural and

thus applicable in federal court). A declaratory judgment is appropriate only for disagreements that "have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 239, 244 (1952) (rejecting a proposed declaratory judgment that a company's movement of film and newsreels within Utah constituted interstate commerce, because such a declaratory judgment was insufficiently concrete and divorced of any particular context); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937) (linking declaratory judgments to the constitutional requirement of an actual case or controversy).

Here, a declaratory judgment that Chase Bank "damaged" Groh's creditworthiness does not fix or settle any identifiable rights or legal relations. The Court cannot foresee what effect its decision might have on the parties, and discerns no useful purpose to granting the declaratory judgment outlined by Groh. *See Wycoff*, 344 U.S. at 244. Accordingly, Chase Bank's motion to dismiss Count VII is granted.

**VIII. The MMPA claim fails because Chase Bank did not make a promise to permanently modify the Home Loan at the time it issued the Home Loan.**

In Count VIII, Groh alleges Chase Bank violated the Missouri Merchandising and Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, a state consumer protection statute. Groh alleges that Chase Bank violated the MMPA by not timely finalizing the Loan Modification Agreement after the Loan Workout Plan's trial period concluded.[4]

To establish an MMPA claim, a plaintiff must allege that he suffered an ascertainable loss of money or property because the defendant used or employed "any deception, fraud, false

---

[4] The Amended Petition alleges other theories for how Chase Bank violated the MMPA, but these theories are all based on the oral modification of the Loan Workout Plan and are so are barred by the statute of frauds. *See* Mo. Rev. Stat. § 432.045(2).

pretense, false promise, misrepresentation, [or] unfair practice," or concealed, suppressed, or omitted "any material fact[,] in connection with the sale or the advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020(1). A defendant's actions violate the MMPA "whether committed before, during or after the sale, advertisement or solicitation." *Id.*

Here, the merchandise sale at issue is the original Home Loan; the Amended Petition does not allege that the Loan Workout Plan was a separate sale. Groh's loan modification allegations do not relate to any acts or omissions connected to that original sale. Rather, Groh's claims are related to the Loan Workout Plan, which was signed well after Chase Bank issued Groh the Home Loan. Because the Amended Petition does not allege that Chase Bank made any promises or claims about future loan modifications *at the time it made the Home Loan*, and because Count VIII does not state a claim. *See Wivell II*, 2014 WL 6463030, at *8 & n.2; *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 407–08 & n.2 (Mo. 2014) ("The loan modification negotiations, however, were not 'in connection with' the sale of this loan because that was not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan."). Chase Bank's motion to dismiss this claim is granted.

## Conclusion

The Court finds that the Amended Petition states some claims upon which relief can be granted. Chase Bank's Motion to Dismiss (Doc. 5) is GRANTED IN PART and DENIED IN PART. Counts I, II, IV, V, VII, and VIII are DISMISSED.

**IT IS SO ORDERED.**

Date:  January 5, 2015           /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT